IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DAVID TIMOTHY MOORE,** : | |
| **Plaintiff,** : | |
| v. : | Case No. 5:21-cv-00032-TES-CHW |
| **Warden AIMEE SMITH,** : | Proceedings Under 42 U.S.C. § 1983 |
| : | Before the U.S. Magistrate Judge |
| **Defendant.** : | |

## ORDER ON MOTION FOR SANCTIONS

Pending before the Court is Plaintiff's motion for sanctions (Doc. 47) stemming from representations of fact made by Defendant in support of a motion to dismiss for failure to exhaust in this Court and through appeal, specifically a representation in the declaration of witness Tracey Jackson that Plaintiff had not submitted a document labeled an "emergency grievance." (Doc. 12-2, ¶ 17). The facts underlying Plaintiff's motion are undisputed, but the parties dispute whether the legal representations made by counsel rise to sanctionable behavior and whether Plaintiff has met the standard for sanctions. Having considered the record and the testimony provided at the hearing held on November 14, 2023 (Doc. 49), the Court finds that sanctions are not warranted. Plaintiff's motions for sanctions (Doc. 47) is therefore **DENIED**.

Plaintiff filed this suit pursuant to 42 U.S.C. § 1983. (Doc. 1). Following screening of the complaint, Plaintiff was allowed to proceed with a claim of deliberate indifference to health and safety based on allegations of black mold in his dormitory building. (Docs. 5, 11). Defendant filed a pre-answer motion to dismiss for Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Doc. 12). The motion to dismiss was supported by the declaration of Tracey Jackson, grievance coordinator at Jackson

1

State Prison, who stated that she had reviewed Plaintiff's grievance history and found that Plaintiff had filed only one grievance, Grievance No. 318920, which was not labeled as an emergency grievance and was not determined to be an emergency grievance by the duty officer. (Doc. 42-2, ¶¶ 15, 17). With his response to the motion, Plaintiff submitted a copy of Grievance No. 318920, which has a handwritten heading stating, "Emergency Grievance Pursuant to SOP 227.02, III, F and IV, D(1&2)." (Doc. 17-2). Defendant did not file a reply.

Without conducting a hearing, the undersigned entered a recommendation to grant the motion to dismiss. (Doc. 18). The recommendation determined that the disputed grievance, Grievance No. 318920, was an original grievance that Plaintiff had not fully exhausted and questioned the authenticity of the "emergency" label on Plaintiff's grievance. (Doc. 18). Plaintiff objected (Doc. 24), and following its *de novo* review, the Court overruled Plaintiff's objection and adopted the recommendation. (Doc. 25). Plaintiff appealed (Doc. 29) to the Eleventh Circuit Court of Appeals, which vacated the order dismissing Plaintiff's case for failure to exhaust and remanded the case for further proceedings on the matter of exhaustion, noting that the Court should have conducted an evidentiary hearing before crediting Jackson's declaration over Plaintiff's statements. (Doc. 38). Throughout the case Defendant never produced a copy of the original handwritten grievance and relied on an electronic record instead.

Following the remand of this case, the Court scheduled a hearing for November 14, 2023, on the issue of exhaustion and directed Defendant to file a copy of the handwritten version of the disputed grievance prior to the hearing. (Doc. 42). Pursuant to that order, Defendant filed a copy of the handwritten grievance, which supported Plaintiff's assertion that he had labeled the grievance as an emergency grievance. (Doc. 44). The handwritten grievance also contradicted certain portions of the declaration of Tracey Jackson, which Defendant offered in support of her

motion to dismiss. (Docs. 12; 12-2, p. 5, ¶ 17). Based upon the production of the handwritten grievance, Defendant moved to withdraw her exhaustion defense and to be allowed to answer Plaintiff's complaint. (Doc. 44). The Court addressed this motion at the hearing which had already been scheduled for November 14, 2023.

At the hearing on November 14, 2023, Plaintiff filed a motion for sanctions, arguing that all defense counsel committed perjury and fraud. (Doc. 47). He asserts that Tracey Jackson's declaration in support of Defendant's motion to dismiss was perjured and that the continued reliance on it was fraudulent. (*Id.*) As a sanction, Plaintiff requests that this matter be referred to the United States Attorney for indictment, that defense counsel be turned over to and investigated by the American Bar Association and the Georgia Bar Association for disciplinary action, and that the Court suspend the attorneys from the practice of law. (*Id.*, p. 3).

Previous defense counsel, Michael Strickland, who appeared as a Special Assistant Attorney General prior to the Court of Appeals' remand but was removed from the case and replaced by attorneys from the Attorney General's Office following the remand, responded to Plaintiff's motion and argued that sanctions should be denied. (Doc. 52). He argues that through several emails, Ms. Jackson confirmed that the grievance was not an emergency, but he admits that the "full grievance packet" was not discussed prior to filing the motion to dismiss. (*Id*, p. 1-2). Mr. Strickland asserts that when Plaintiff presented the handwritten grievance in response to the motion, he doubted Plaintiff's veracity and chose not to reply. (*Id.*, p. 2). Mr. Strickland also highlighted that the Court drew a similar conclusion in the recommendation to grant Defendant's motion to dismiss. (*Id.*) (citing Doc. 18, p. 5).

Current defense counsel, Ryan Marks, also responded to Plaintiff's motion. (Doc. 53). He admits that in her declaration, Ms. Jackson stated that she reviewed a computer-generated copy of

the grievance, based on which she declared that "The Grievance was not categorized as an Emergency Grievance by the offender, nor was the grievance determined to be an Emergency Grievance by the Duty Officer." (*Id.*, p. 3). Current defense counsel, like Mr. Strickland, highlights that the Court also questioned the veracity of the handwritten grievance, but points to other findings and reasons for the recommendation that the motion to dismiss be granted, including a finding that the substance of the grievance was not an emergency and that, therefore, it was not treated as an emergency grievance as contemplated by the prison grievance procedure. (*Id.*, p. 4). As discussed below, this distinction weighs against the imposition of sanctions.

Current defense counsel also argues that Plaintiff has not cited to any law or rule broken, that he has not followed the proper procedure for the imposition of Rule 11 sanctions because he did not comply with the 21-day safe harbor provision of Rule 11(c)(2), that Rule 11 does not apply to the appellate process, and that most of the attorneys Plaintiff names never appeared and were only "typewritten names." (*Id.*, p. 8-13) (discussing Fed. R. Civ. P. 11(c)(2)). Plaintiff has replied and further argued that sanctions are not only warranted but required. (Docs. 54, 55).

The Court's authority to impose sanctions comes from Rule 11 of the Federal Rules of Civil Procedure and its inherent power. *Johnson v. 27th Avenue Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021). "Rule 11 sanctions are warranted 'when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose.'" *Id.* (citing *Baker v. Alderman*, 158 F.3d 1218, 1223 (11th Cir. 2017)). A court may use its inherent power to sanction when "there has been a finding of bad faith, […] which is 'warranted where,' among other things, 'a frivolous argument' is knowingly or recklessly raised.'" *Johnson*, 9 F.4th at 1314 (citations omitted).

4

Assuming, without deciding, that Plaintiff had cleared all the procedural hurdles for Rule 11 prior to filing his motion and the attorneys against whom Plaintiff seeks sanctions were appropriate parties, sanctions are not appropriate in this case. As to Rule 11 sanctions, as explained below, there was a basis in law and fact to move to dismiss Plaintiff's complaint for lack of exhaustion and to rely on the declaration of Ms. Jackson. Moreover, the circumstances of this case do not establish the bad faith contemplated by either Rule 11 or the Court's inherent powers.

Plaintiff acknowledges that bad faith must be present before sanctions are warranted and fervently argues that this case is the "poster child for bad faith." (Doc. 55, p. 6). The circumstances of this case, however, are more indicative of negligence than bad faith or intentional deception. While Defendant's original counsel could have – and should have – asked prison officials to produce the original written grievance in reply to Plaintiff's response and before any recommendation was entered, Ms. Jackson provided a declaration based on her review of the electronic grievance history. There is no evidence in the record or from her testimony to indicate that she intentionally misconstrued those electronic records in her declaration or intentionally provided that information in bad faith. The record indicates that Ms. Jackson's failure to look for the paper copy of Plaintiff's grievance was negligent and that counsel's failure to investigate further following Plaintiff's response was poor practice, but the record does not indicate that either acted in bad faith or with intent to deceive the Court.

As the Court conveyed to the parties at the hearing in November 2023, this case might not have been subjected to such a labored procedural history had the original grievance simply been produced. Even in light of the actual grievance that Plaintiff submitted, there was still a reasonable basis for Defendant's failure to exhaust argument. As the initial recommendation noted and the testimony at the November 14, 2023 hearing confirmed, an offender's grievance label alone does

5

not turn a grievance into an emergency. Grievance No. 318920 was not treated as or determined to be an emergency grievance by prison staff, and it was not in substance an emergency grievance, despite Plaintiff's label. As such, the grievance remained subject to full exhaustion, which was not achieved in this case. *See* (Doc. 18, p. 7) (noting that Plaintiff could not have properly exhausted a January 5, 2021 grievance before commencing suit on January 19, 2021). Therefore, Defendant's motion to dismiss was not frivolous or made in bad faith.

The Court also notes that the sanctions that Plaintiff requests would not have been appropriate sanctions in the context of this case. Under Rule 11(c)(4), "a sanction imposed…must be limited to what suffices to deter repetition of the conduct of comparable conduct by others similarly situated," and may include "nonmonetary directives." The procedural posture of this case has essentially created an appropriate sanction because the failure to investigate and produce the handwritten grievance eroded defense counsel's credibility to continue to pursue the motion to dismiss upon remand from the Court of Appeals. Defense counsel recognized this disadvantage by moving to withdraw the motion to dismiss. The contract attorney who made the error was removed from the case and replaced by counsel from the Attorney General's office. Had the Court found sanctions were appropriate and the motion to withdraw not been filed, striking the motion to dismiss and forcing Defendant to defend this action on the merits would have been an appropriate sanction. This is the precise posture the case is in. No other sanctions would have been warranted.

**SO ORDERED**, this 15th day of May, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge