IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID TIMOTHY MOORE,<br><br>*Plaintiff*,<br><br>v.<br><br>Warden AIMEE SMITH,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:21-cv-00032-TES-CHW |

**ORDER**

Pursuant to Federal Rule of Civil Procedure 72, Plaintiff David Timothy Moore filed an Objection [Doc. 63] to the United States Magistrate Judge's ruling on his Motion to Amend.[1] *See* [Doc. 58]; [Doc. 59]. In that motion, Plaintiff sought leave to amend so that he could add claims under 42 U.S.C. § 1983 against two new parties: P.A. Burnham and Counselor Barbra Franklin. [Doc. 58, pp. 1–2 n.1]. The magistrate judge denied his request, finding that § 1983's two-year statute of limitations had passed, and relation

---

[1] Ordinarily, a plaintiff has 14 days (plus three if "service is made by mail under Rule 5(b)(2)(C)") to object to a magistrate judge's determination. *See* Fed. R. Civ. P. 72(a); Fed. R. Civ. P. 6(d). Here, the Order to which Plaintiff is objecting was issued on March 20, 2024, so the deadline would have been April 8, 2024. *See id.*; [Doc. 59]; Fed. R. Civ. P. 6(a) (explaining how to compute deadlines). However, Plaintiff states in his Objection that prison mail officials did not deliver the Order to him until at least April 19, 2024. [Doc. 63, p. 1]. Because Plaintiff signed and dated his Objection on April 25, 2024, the Court construes his Objection as timely, even though they were not filed until May 20, 2024. *See* [*id.* at pp. 4–5].

back under Federal Rule of Civil Procedure 15(c) was not appropriate. [Doc. 59, pp. 1–2 (citing *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993))].

Because the magistrate judge's ruling did not dispose of a claim or defense of any party, it is a nondispositive order. *See* [Doc. 59]; *Smith v. Sch. Bd. Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). For a district court to modify or set aside a magistrate judge's nondispositive ruling under Rule 72, the objecting party must establish that the magistrate judge's order or any conclusion to which he objects or seeks reconsideration of is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Merritt v. Int'l Bhd. Boilermakers*, 649 F.2d 1013, 1016–17 (5th Cir. June 1981);[2] *Williams v. Wright*, No. CV 309-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec. 16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Fed. R. Civ. P. 72(a)).

"Clear error is a highly deferential standard of review." *Holton v. City Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted); *see also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ellis v. U.S.*, No. 3:15-cv-1078-J-34JBT, 2016 WL 1658706, at *1 (M.D. Fla. Apr. 27, 2016) (punctuation omitted) (quoting *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)).

    Here, the magistrate judge determined that because the facts surrounding the would-be claims against the two new Defendants would have been apparent to Plaintiff in January 2021 (the same month he initiated this lawsuit), the statute of limitations passed in January 2023—a year before Plaintiff filed his Motion to Amend. [Doc. 59, p. 2]. Further, the magistrate judge reasoned that the new claims did not relate back to his original filing under Rule 15(c)(1) because there is nothing to indicate that either of the new would-be parties received notice of the action or knew (or should have known) that the claims would have been brought against them but for a mistake concerning their identity. *See* [*id*. (citing Fed. R. Civ. P. 15(c)(1)); and then citing O.C.G.A. § 9-11-15-(c))].

    In his Objection, Plaintiff raises a new argument, contending that the magistrate judge should have equitably tolled the statute of limitations because at the time the limitations period expired in January 2023, the Court's Order leading to a final

3

judgment for this case was up on appeal at the Eleventh Circuit.[3] [Doc. 63, p. 2]; *see* [Doc. 12], *in connection with* [Doc. 25]. In fact, Plaintiff argues that "the appeal involved the granting of a motion to dismiss that was based on perjury and fraud." [Doc. 63, p. 2]. Finally, Plaintiff argues that he did not add the two parties originally at the commencement of the lawsuit because:

> 1.) the Plaintiff did not know P.A. Burnham's name; 2.) the Plaintiff wanted to be sure, in fact, certain that P.A. Burnham's actions/inactions were more than mere "negligence"; and, 3.) the Plaintiff needed to be certain that it was Counselor Franklin who actually failed/refused to take immediate action on the Emergency Grievance (Grievance No. 318920) submitted to her on January 5, 2021 (as it appears that Counselor Franklin never submitted Grievance No. 318920 to the Duty Officer in the first instance).

[*Id.* at p. 3].

None of these rationales suffices to reverse the magistrate judge's ruling. First, Plaintiff argues that he did not initially name Burnham because he did not know Burnham's name. [Doc. 63, p. 3]. But it is unclear whether Plaintiff did not know Burnham's name at all, or just did not know the correct spelling and pronunciation of the name. *See* [*id.* at p. 2 n.1 (explaining that discovery revealed Burnham's name was "Burnham" and not "Burner"). Moreover, Plaintiff claims that he did not initially name Burnham because he "wanted to be sure, in fact, certain that P.A. Burnham's actions/inactions were more than mere 'negligence.'" [*Id.* at 3]. This admission, however,

---

[3] The case was on appeal for over a year—between February 2022 and October 2023. *See* [Doc. 29]; [Doc. 38]; [Doc. 41].

is quite telling. Plaintiff clearly knew that someone in Burnham's shoes did something wrong at the time of filing his Complaint but chose not to even describe the person because he was unsure as to the person's level of culpability. *See* [*id*.]; *see also Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (allowing fictitious-party pleading where a plaintiff describes an unknown defendant with sufficient specificity). The excuse Plaintiff provides for failing to initially add Franklin is similar: because he "*needed to be certain* that it was Counselor Franklin who actually failed/refused to take immediate action on the Emergency Grievance." [*Id*. (emphasis added)]. These rationales do far from convincing the Court that equitable tolling was warranted. On the contrary, they make the Court question why Plaintiff did not assert these claims against a fictitious defendant three years ago when he filed suit and then later amend his pleadings once he learned more about the party's identity.

Moreover, neither in his Motion to Amend nor in his Objection does Plaintiff explain to the Court *when* he discovered the identities of the would-be parties. *See* [Doc. 58]; [Doc. 63]. Even if he discovered their identities[4] during the pendency of the appeal, he does not explain why he waited four months—from the Eleventh Circuit's mandate remanding the case in October 2023 until February 2024—to file his Motion to Amend.

---

[4] Or, more accurately, solidified his existing knowledge of who they are and how high their level of culpability. *See supra* pp. 4–5.

*See* [Doc. 58]; [Doc. 63]; *see also* [Doc. 41]. For all the Court knows, he could have discovered their identities before the case even went up on appeal.

The Supreme Court has stressed that equitable tolling "is an extraordinary remedy which should be extended only sparingly." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990); *see Just. v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). It is appropriate only when the movant can show that his untimeliness was "because of extraordinary circumstances that are both beyond his control *and unavoidable even with diligence.*" *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added) (discussing equitable tolling under the statute of limitations in 28 U.S.C. § 2244). The appeals process—at least after Plaintiff filed his Notice of Appeal—might have been beyond Plaintiff's control. However, he does not meet the high burden of showing either that an appeal is an exceptional circumstance warranting tolling or that he could not have brought claims against these parties earlier. *See id.*; [Doc. 58]; [Doc. 63]. Further, even if this Court were to think it an exceptional circumstance, there is no Circuit precedent declaring appeals "exceptional circumstances" across the board such that the magistrate judge's order would constitute legal error.

Generally speaking, equitable tolling is reserved for cases involving some affirmative misconduct or deception on the part of the adverse party. *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005); *see Irwin*, 498 U.S. at 96 (explaining that equitable tolling may be appropriate in cases "where the claimant has been induced or

6

tricked by his adversary's misconduct into allowing the filing deadline to pass"). While Plaintiff claims that the appeal was necessitated by the Defendant's "perjury and fraud," this is a mischaracterization of what actually happened. *See* [Doc. 63, p. 2].

To be sure, Plaintiff correctly points out that the Eleventh Circuit ultimately vacated the Court's order dismissing Plaintiff's claim and remanded it. [Doc. 38, p. 20]. Specifically, the Eleventh Circuit instructed the Court to hold an evidentiary hearing to determine a factual dispute as to whether Plaintiff filed an emergency grievance or not. [*Id*. at p. 17]. Plaintiff claims that at this hearing on remand, he "established" that the Defendant's argument that Plaintiff had not filed an emergency grievance was "based on perjury." [Doc. 63, p. 2]. However, the magistrate judge made no such determination. *See* [Doc. 62, p. 5]. Instead, after listening to argument at the hearing, the magistrate determined that "[t]he circumstances of this case . . . are more indicative of negligence than bad faith or intentional deception." [*Id*.]. Fraud or trickery is not the case here, and no Circuit precedent *requires* that courts equitably toll statutes of limitations just because a case is up on appeal, the Court cannot say affirmatively that the magistrate judge erred. The Court, therefore, overrules Plaintiff's objection.

Having done away with Plaintiff's argument that the appeal should have tolled the statute of limitations, Plaintiff may additionally be re-arguing that his lack of knowledge constitutes a "mistake" under Rule 15(c) such that the amendment should relate back to the time he filed his original Complaint. *See id*.; [Doc. 58, p. 1]; Fed. R. Civ.

7

P. 15(c)(3) (allowing relation back where the party to be added had notice and knew or should have known that the action would have been brought against it "but for a mistake concerning [its] identity"). However, none of Plaintiff's excuses constitute a "mistake" under Rule 15(c) "because the amendment is made to correct [Plaintiff's] lack of knowledge about whom to sue, not a mistake . . . in identifying the proper party." *Bloodworth v. United States*, 623 F. App'x 976, 979 (11th Cir. 2015).

"[I]n order to show a 'mistake' under Rule 15(c)(1)(C), a plaintiff must have known the identity of the proper defendant *before* the statute of limitations expired unless some actual error or reasonable misunderstanding—separate and apart from the plaintiff's own failure to ascertain the identity of the proper defendant—caused the original action to be brought against the wrong party." *Rodriguez v. Quinones*, 508 F. Supp. 3d 1198, 1203 (S.D. Fla. 2020). The Court cannot find a "mistake" where the plaintiff simply fails to ascertain the identity of the proper party until after the statute of limitations has expired. *Id.*[5] Even in cases in which a plaintiff names "John Doe" defendants as placeholders for the unknown parties (which Plaintiff did not do here), courts consistently find that lack of knowledge as to the party's identity does not constitute a "mistake" under Rule 15(c). *See, e.g., id.; Tolston v. City of Atlanta*, No. 1:20-

---

[5] *Compare Kuehn v. Cadle Co., Inc.*, 335 F. App'x 827, 829–30 (11th Cir. 2009) (affirming district court's conclusion that a "mistake" occurred where the plaintiff sued the company named on the letter giving rise to the lawsuit and upon learning that the letter was sent by another closely-related company, immediately amended her complaint), *with Jones v. Ga. Dep't of Corr.*, No. 7:17-CV-202, 2018 WL 9362307, at *4 (M.D. Ga. Sept. 24, 2018) (finding no mistake where "[a]t the time of filing his original [c]omplaint, [the] [p]laintiff . . . did not know the identities of any of the individuals purportedly involved.").

CV-4221-SEG, 2024 WL 1533609, at *9 (N.D. Ga. Mar. 14, 2024); *George v. Horne*, 684 F. Supp. 3d 1345, 1354 (N.D. Ga. 2023).

Here, Plaintiff only avers that he did not know the identities of the two parties he now seeks to add and/or did not know what claim to bring against them. *See* [Doc. 63, p. 3]. This simply does not constitute "mistake" for purposes of relation back under Rule 15(c). And the Court is certainly not left with the firm conviction that the magistrate judge erred or misapplied Rule 15(c). *See Holton*, 425 F.3d at 1350. Accordingly, the Court **OVERRULES** Plaintiff's Rule 72(a) Objection [Doc. 63]. The pertinent ruling issued by the magistrate judge shall remain in effect.

**SO ORDERED**, this 28th day of May, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**