# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DAVID TIMOTHY MOORE,**  *Plaintiff*,  v.  **Warden AIMEE SMITH,**  *Defendant*. | **CIVIL ACTION NO.**  **5:21-cv-00032-TES-CHW** |

## ORDER

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff David Timothy Moore, a state prisoner, filed an Objection [Doc. 65] to the United States Magistrate Judge's ruling on his Motion for Sanctions against the defense attorneys in this case.[1] *See* [Doc. 62]; [Doc. 47]. In that Motion, Plaintiff argued that the defense attorneys, "at the very least," made "possible misrepresentations in pleadings filed in this Court." [Doc. 47, p. 2]; *see* [Doc. 12-2, ¶¶ 15, 17]; [Doc. 17-2, p. 1].

---

[1] Ordinarily, a plaintiff has 14 days (plus three if "service is made by mail under Rule 5(b)(2)(C)") to object to a magistrate judge's determination. *See* Fed. R. Civ. P. 72(a); Fed. R. Civ. P. 6(d). Here, the Order to which Plaintiff is objecting was issued on May 15, 2024, so the deadline would have been June 3, 2024. *See id.*; [Doc. 59]; Fed. R. Civ. P. 6(a) (explaining how to compute deadlines). Although Plaintiff's Objection was filed with the Court on July 5, 2024, he signed and dated the Objection on the deadline—June 3, 2024. *See* [Doc. 65, p. 20]. "[A] pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). "Absent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir.2014). Accordingly, Plaintiff's Objection is timely.

To provide some background, Defendant used Dooly State Prison Grievance Coordinator Tracey Jackson's Declaration in support of its Motion to Dismiss for failure to exhaust administrative remedies. *See* [Doc. 12]; [Doc. 12-2]. The Declaration stated that Jackson had reviewed Plaintiff's grievance history and that her review revealed that the grievance was "not categorized as an Emergency Grievance by the offender, nor was [it] determined to be an Emergency Grievance by the Duty Officer." [Doc. 12-2, ¶¶ 15, 17]. In Response, Plaintiff filed a paper copy of the grievance at issue, which showed—in apparent contrast to the statements in the Declaration—that, at the top of it, he had hand-written "Emergency Grievance." [Doc. 17-2, p. 1].

To be sure, Jackson's Declaration never explicitly claimed that she reviewed the paper copy of Plaintiff's grievance. *See* [Doc. 12-2, ¶¶ 15, 17]. Rather, she claimed that her review of his grievance history showed that the grievance was not considered an emergency grievance by Plaintiff or by the duty officer. *See* [*id*.]. Moreover, along with her Declaration, Jackson attached an electronic copy that only included the body of the text of Plaintiff's grievance, as well as an electronic list of the numerous grievances he had filed at the various prisons at which he had been housed. *See* [*id*.]; [*id*. at pp. 25–28].

Without conducting an evidentiary hearing, the magistrate judge recommended that this Court grant Defendant's Motion to Dismiss, finding that that the disputed grievance was an original grievance, not an emergency grievance, and "question[ing] the authenticity of the 'emergency' label on Plaintiff's grievance." [Doc. 18, pp. 6–7];

[Doc. 62, p. 2]. After this Court adopted the recommendation, Plaintiff appealed. [Doc. 25]; [Doc. 29]. The Eleventh Circuit ultimately vacated the Court's order and remanded the case for a hearing to determine whether Plaintiff had labeled the grievance as an emergency grievance. [Doc. 38, p. 17]. Subsequently, the original defense attorney, Michael Strickland, was terminated and replaced by counsel from the Attorney General's Office, Ryan Marks. *See* [Doc. 39].

Ahead of the hearing, the magistrate judge ordered Defendant to supplement her Motion to Dismiss with the hand-written version of Plaintiff's grievance. [Doc. 42, p. 2]. She did so, and simultaneously withdrew her exhaustion defense. [Doc. 44, p. 1]; [Doc. 44-1]. At the hearing on November 14, 2023, Plaintiff moved for sanctions, arguing that "we are dealing with fraud and perjury." [Doc. 47, p. 2]. Ultimately, however, the magistrate judge denied his request, finding that sanctions were not warranted under Rule 11 because "[t]he circumstances of this case . . . are more indicative of negligence than bad faith or intentional deception."[2] [Doc. 62, p. 5]; *see* [Doc. 49]. And that brings us up to speed. Now before the Court is Plaintiff's Objection to the magistrate judge's order. [Doc. 65].

---

[2] At the hearing, Jackson admitted that her statement in her Declaration that the grievance "was not categorized as an Emergency Grievance by the offender" was not true, but she maintained that the Declaration made that statement because she reviewed the electronic version of the grievance only and did not review the physical copy until after she had new counsel representing her, after the Eleventh Circuit had remanded the case. *See* Hearing Audio at 10:20, *Moore v. Smith*, No. 5:21-cv-00032-TES-CHW (M.D. Ga. Nov. 14, 2023); *see also* [Doc. 39]. The magistrate judge determined that she "should have" asked prison officials to produce the paper copy but that her failure to do so was no more than negligence. [Doc. 65, p. 5].

3

Because the magistrate judge's ruling did not dispose of a claim or defense of any party, it is a nondispositive order. *See* [Doc. 59]; *Smith v. Sch. Bd. Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). For a district court to modify or set aside a magistrate judge's nondispositive ruling under Rule 72, the objecting party must establish that the magistrate judge's order or any conclusion to which he objects or seeks reconsideration of is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Merritt v. Int'l Bhd. Boilermakers*, 649 F.2d 1013, 1016–17 (5th Cir. June 1981);³ *Williams v. Wright*, No. CV 309-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec. 16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Fed. R. Civ. P. 72(a)).

"Clear error is a highly deferential standard of review." *Holton v. City Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted); *see also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court

---

³ In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

is left with the definite and firm conviction that a mistake has been made."). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ellis v. U.S.*, No. 3:15-CV-1078-J-34JBT, 2016 WL 1658706, at *1 (M.D. Fla. Apr. 27, 2016) (punctuation omitted) (quoting *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)).

As the magistrate judge explained, "Rule 11 sanctions are warranted 'when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose.'" *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021) (*Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). Here, the magistrate judge determined, first, that there was a basis in law and fact to move to dismiss Plaintiff's Complaint, even relying on Jackson's Declaration, because Plaintiff's "Emergency" label alone does not turn the grievance into an emergency grievance. [Doc. 62, pp. 5–6]. Second, the magistrate judge determined that, based on Jackson's testimony at the hearing, Jackson provided her Declaration based on her review of the electronic grievance history and—although she "should have" looked at the original paper copy—there was no evidence to suggest that her failure was anything more than negligence. [*Id.* at p. 5]; *see* Hearing Audio at 10:20, *Moore v. Smith*, No. 5:21-cv-00032-TES-CHW (M.D. Ga. Nov. 14, 2023). In sum, Defendants' Motion to Dismiss was not made in bad faith. [*Id.* at p. 6].

5

In his Objection, Plaintiff makes several arguments—none of which suffice to show that the magistrate judge's Order was clearly erroneous or contrary to law. *See* [Doc. 65]. First, citing to Defendants' Responses to Plaintiff's Motion for Sanctions, Plaintiff argues that each of the defense attorneys "have flatly refused to acknowledge and concede . . . the perjured facts in the [Jackson] Declaration" and their "fraudulent argument[s]." [Doc. 65, p. 2]. But of course defense counsel did not concede that they "perjured" facts or made a "fraudulent argument." Rather, prior defense counsel Strickland argued that he did not review the "full grievance packet" prior to filing the Motion to Dismiss, and current defense counsel Marks pointed to the fact that Jackson reviewed an electronic copy of the grievance.[4] *See* [Doc. 52, p. 2]; [Doc. 55, pp. 3–4]. After holding the hearing in November 2023, the magistrate judge found this failure to review the paper copy more akin to negligence than intentional wrongdoing. [Doc. 62, p. 5]. This Court agrees and thus, finds no clear error.

Next, Plaintiff argues that Defendant, even after attaching the handwritten copy upon an order from the magistrate judge, did not attach the second page of the grievance. *Compare* [Doc. 17-2, p. 2], *with* [Doc. 44]. However, because the reason the magistrate judge ordered Defendant to produce the paper copy was because of a

---

[4] A review of the audio recordings of the November 2023 hearing reveals that, when asked, Jackson testified that she reviewed the electronic version of the grievance *only*. *See* Hearing Audio at 10:20, *Moore*, No. 5:21-cv-00032-TES-CHW. This is consistent with her Declaration, which was accompanied by electronic versions of the grievance and Plaintiff's grievance history. *See* [Doc. 12-2, p. 25–28].

6

dispute as to the "Emergency" label at the top of the first page, the Court cannot construe this as clear evidence of bad faith such that the magistrate judge's ruling was clear error.

Third, the magistrate judge did not decide whether Plaintiff had cleared all the procedural hurdles prior to filing his Rule 11 Motion. *See* [Doc. 65, p. 5]. However, in his Objection, Plaintiff argues that Defendant never filed a formal motion to withdraw but rather, upon filing the paper copy of the grievance at the direction of the Court, stated that she "is withdrawing her exhaustion defense" and "requests that the Court accept" the withdrawal.[5] [Doc. 44, pp. 1–2]. Nevertheless, at the hearing, the magistrate judge "denie[d]" the Motion to Dismiss and the next day, in its Scheduling/Discovery Order, "granted" Defendant's request to withdraw her exhaustion defense. [Doc. 49]; [Doc. 50, p. 1]. Plaintiff argues that "it was clear error and contrary to law to allow the Defendant to withdraw her motion to dismiss." [Doc. 65, p. 6]. However, this is clearly not error, given that Rule 11 expressly allows for parties to withdraw their allegedly offending motions within 21 days after service "or within another time the court sets." *See* Fed. R. Civ. P. 11(c)(2).[6]

---

[5] Similarly, further down in his Objection, Plaintiff argues that defense counsel failed to withdraw the Motion [Doc. 12] after Plaintiff filed the paper copy of the grievance [Doc. 17] or his Objection [Doc. 24] to the magistrate judge's first recommendation prior to the Eleventh Circuit's remand. [Doc. 65, pp. 17–18].

[6] Specifically, Rule 11 establishes some hoops the party seeking sanctions must jump through before filing a motion for sanctions, requiring the party to serve its Rule 11 motion on the allegedly offending party 21 days before filing it with the district court. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389–90 (4th Cir. 2004). The party may only file the motion if the offending party fails to withdraw or

7

Plaintiff next contends that the magistrate judge noted at the November 2023 hearing that "the fraud and perjury issues could not be decided without first having [prior defense counsel] Mr. Strickland testify before the Court." [Doc. 65, p. 8]. Yet, the magistrate judge denied the Motion for Sanctions without ever getting live testimony from Strickland—only hearing from him in his Response to the Motion for Sanctions. [*Id*. at pp. 8–9]. Therefore, according to Plaintiff, the magistrate judge's ruling was "premature." [*Id*.].

However, although Plaintiff is partly correct about what the magistrate judge said at the hearing (in actuality, the magistrate said that he "probably at some point" would "need to see Mr. Strickland" before ruling on the Motion for Sanctions), the magistrate judge is not bound by this off-the-cuff statement during the hearing. *See* Hearing Audio at 10:52, *Moore*, No. 5:21-cv-00032-TES-CHW. Moreover, the magistrate judge did hear from Strickland—albeit not by live testimony—before the magistrate judge ruled on the Motion. Strickland filed a Response, explaining that through a series of emails with Jackson, he "confirmed" that the grievance was not an emergency grievance, but admitting that he did not discuss "the full grievance packet" with Jackson. [Doc. 52, pp. 1–2]. He, like Jackson, maintained that he did not intend to

---

correct the motion within 21 days after service. Fed. R. Civ. P. 11(c)(2). Although there is no indication in the record that Plaintiff served his Rule 11 motion 21 days before filing it with the Court, the Court—like the magistrate judge—need not determine whether Plaintiff cleared this hurdle. The bottom line is that, per the plain text of Rule 11, the Court was within its discretion to allow (whether by using the word "grant" or not) Defendant to withdraw her Motion.

8

mislead the Court. [*Id.*]. *See* LR 7.5, MDGa ("All motions shall be decided by the court without a hearing unless otherwise ordered by the court on its own motion or in its discretion upon request of counsel.") *in connection with* Fed. R. Civ. P. 11(c)(2).

Plaintiff further argues that the magistrate judge's finding that the grievance at issue "was not in substance an emergency grievance" is "troubling" because (1) the finding was in a Recommendation from the magistrate judge prior to the Eleventh Circuit remanding the case and (2) the November 2023 hearing after the remand relied only on testimony from Jackson, who was "totally unable to explain how an emergency grievance is identified." [Doc. 65, pp. 12–15]. However, the Eleventh Circuit opinion did not cover every possible ground for exhaustion—rather, it spoke only to whether Plaintiff was entitled to a hearing on the matter of the credibility of his handwritten "Emergency Grievance" label. *See* [Doc. 38, p. 7]. Then upon remand, after hearing Jackson's testimony, the magistrate judge determined that although "Defendant's original counsel could have – and should have – asked prison officials to produce the original written grievance in reply to Plaintiff's response and before any recommendation was entered," there was no evidence that Defendant or her counsel intended to deceive the Court. [Doc. 62, p. 5]. Moreover, upon reviewing the audio from the hearing, the Court determines that Jackson testified in depth about the grievance process. *See* Hearing Audio at 10:12, *Moore*, No. 5:21-cv-00032-TES-CHW. Although she stated that she did not know the definition of an emergency grievance "verbatim," she

9

was able to describe the idea, as well as testify in detail as to the process of who identifies a grievance as an emergency grievance. *See id*. at 10:15, 10:35. Accordingly, this objection is without merit.

Plaintiff also brings up that Jackson's Declaration stated that "Mr. Moore's Grievance did not address, refer to or name Warden Aimee Smith." [Doc. 65, p. 16 (citing [Doc. 12-2, ¶ 19])]. Yet, Plaintiff's handwritten paper copy of the grievance—which he filed with the Court after Defendant filed Jackson's Declaration—contains a second page (the text of which does not appear in Jackson's electronic copy), which does name Defendant Smith. *Compare* [Doc. 17-2, p. 2], *with* [Doc. 12-2, p. 28]. But before issuing his Order Denying Plaintiff's Motion for Sanctions, the magistrate judge heard this very argument at the hearing when Plaintiff questioned Jackson. *See* Hearing Audio at 10:27, *Moore*, No. 5:21-cv-00032-TES-CHW. All this goes to show is that Jackson was negligent in failing to check the paper copy of the grievance. There is no evidence to suggest that she intentionally failed to look at the paper copy, hid it, or was otherwise attempting to deceive the Court.

None of these rationales suffices to reverse the magistrate judge's ruling. The bottom line is that the Court agrees with Plaintiff that Jackson and Strickland should not have filed the original Declaration (nor should Defendant have relied on the Declaration in the Motion to Dismiss) without first reviewing the original handwritten copy of Plaintiff's grievance. Their negligence resulted in wasted time and resources. However,

like the magistrate judge, the Court is unwilling to say that their failure amounts to intentional deception or bad faith or that the Motion to Dismiss was based on entirely frivolous grounds. Therefore, the Court cannot say the magistrate judge's Order was clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Merritt*, 649 F.2d at 1016–17. Accordingly, the Court **OVERRULES** Plaintiff's Rule 72(a) Objection [Doc. 65]. The pertinent ruling issued by the magistrate judge [Doc. 62] shall remain in effect.

    **SO ORDERED**, this 18th day of July, 2024.

                                                S/ Tilman E. Self, III
                                                **TILMAN E. SELF, III, JUDGE**
                                                **UNITED STATES DISTRICT COURT**