IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DAVID TIMOTHY MOORE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:21-cv-00032-TES-CHW |
| | : | |
| Warden **AIMEE SMITH,** | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendant. | : | |
| | : | |

## ORDER

Pending before the Court is Plaintiff's motion to compel discovery. (Doc. 69). Plaintiff's motion seeks disclosure of several emails between and among prison staff and Defendant's previous attorney from the time the complaint was served and the pre-answer motion to dismiss was filed[1] and seeks to compel Defendant to respond to Plaintiff's second set of interrogatories and requests for production. Defendant did not respond to motion. For the reasons explained below, Plaintiff's motion to compel is **DENIED in part** and **GRANTED in part**.

*Plaintiff's Request to Produce - Emails*

Plaintiff's motion and requests for the production of emails sent between prison staff and prior defense counsel suggest that Plaintiff seeks to relitigate Defendant's pre-answer motion to dismiss. The motion has been resolved in Plaintiff's favor, and any discovery requests seeking information related to exhaustion are immaterial to matters currently at issue.

Defendant's objection to the request for production of emails between Defendants' prior counsel and third parties is not "patently frivolous" because emails between prior defense counsel

---

[1] While Plaintiff's requests for production lists "any emails," the motion limits the request to email to the stated time period. *Compare* (Doc. 69, p. 8) *and* (Doc. 69-7, Request No. 1).

1

and witnesses in this matter are protected not only under attorney-client privilege, but also as attorney work product, because such correspondence would have been related to the preparation of the defense of this case and the motion to dismiss. Ordinarily, under the Federal Rules of Civil Procedure, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed.R.Civ.P. 26(b)(3)(A). While these protections are not absolute, there is no suggestion that these privileges have been waived or that Plaintiff has a substantial need for the materials to prepare his case or that he cannot obtain their substantial equivalent by other means.

Even if the requested emails were not protected work product, the requests would still be improper. As Plaintiff notes in his motion, information sought in discovery need not be admissible but may be allowed if the requests appear reasonably calculated to lead to the discovery of admissible evidence. (Doc. 69, p. 5) (citing Fed. R. Civ. P. 26(b)(1)). This case is now at a posture where discovery has ended and a motion for summary judgment as to the merits of Plaintiff's claim has been filed. Requests seeking production of emails that were sent by prior counsel to prison staff regarding Plaintiff's attempts to exhaust his administrative remedies might have been relevant to the motion to dismiss, but that issue has been litigated and resolved in Plaintiff's favor. The requests, therefore, are not reasonably calculated to lead to discovery of admissible evidence on the merits of Plaintiff's remaining claims. Because the requests are not material to the matters remaining in dispute, Plaintiff's motion is **DENIED in part**.

*Plaintiff's Second Interrogatories and Requests to Produce*

Plaintiff also submits that Defendant failed to respond to his second set of discovery requests, which were mailed to Defendant on May 17, 2024, when the discovery period was still active. Plaintiff's motion demonstrates that he sought in good faith to confer with defense counsel

about the missing responses.² (Doc. 69-3). Having reviewed the interrogatories (Doc. 69-5) and request to produce (Doc. 69-8), the Court finds that not every interrogatory or request to produce in the second set of requests is relevant or material to the issues pending in this case. As explained above, Defendant's motion to dismiss and Plaintiff's attempts to exhaust his administrative remedies have already been litigated. Any attempt to obtain further information on who received his grievance and how or if his grievance – or any other grievance – was categorized as an "emergency" (Doc. 69-5, Interrogatory No. 1; Doc. 69-8, Nos. 1 & 2) is not relevant this case. Additionally, Plaintiff's medical records from 1989 to June 1991 (Doc. 69-8, Request No. 2) are also irrelevant to this matter, even assuming Defendant would have access to those records.

However, information about any measures Defendant may have taken regarding reports of black mold is relevant to Plaintiff's remaining claims. Therefore, Plaintiff's motion to compel is **GRANTED in part**, and Defendant is directed to respond to Plaintiff's Second Interrogatory No. 2 (Doc. 69-5) and Second Request to Produce No. 4 (Doc. 69-8) by September 27, 2024. Discovery is not otherwise reopened or extended for any other purpose. Defendant shall also file a status report with the Court showing that this discovery has been provided. Plaintiff's response to the Defendant's motion for summary judgment (Doc. 70) will thereafter be due on October 28, 2024.

**SO ORDERED**, this 9th day of September, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

² It appears that previously-assigned counsel may not have been employed in the Georgia Attorney General's Office when Plaintiff sent his letter. *See* (Doc. 66).