# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DAVID TIMOTHY MOORE,<br><br>*Plaintiff,*<br><br>v.<br><br>Warden AIMEE SMITH,<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:21-cv-00032-TES-CHW** |

**ORDER**

On September 9, 2024, Judge Weigle issued an Order [Doc. 72] granting in part and denying in part Plaintiff David Moore's Motion to Compel [Doc. 69]. Plaintiff's Motion sought production of "certain non-privileged emails," and responses to "interrogatories and production requests." [Doc. 69, p. 1]. Judge Weigle largely denied both requests,[1] but he did grant Plaintiff's Motion as to Plaintiff's Second Interrogatory

---

[1] As to the "non-privileged emails," Judge Weigle found that:

> This case is now at a posture where discovery has ended and a motion for summary judgment as to the merits of Plaintiff's claim has been filed. Requests seeking production of emails that were sent by prior counsel to prison staff regarding Plaintiff's attempts to exhaust his administrative remedies might have been relevant to the motion to dismiss, but that issue has been litigated and resolved in Plaintiff's favor. The requests, therefore, are not reasonably calculated to lead to discovery of admissible evidence on the merits of Plaintiff's remaining claims.

[Doc. 72, p. 2]. Regarding the other documents, Judge Weigle found "not every interrogatory or request to produce in the second set of requests is relevant or material to the issues pending in this case." [*Id.* at p. 3].

No. 2 [Doc. 69-5] and Second Request to Produce No. 4 [Doc. 69-8]. [Doc. 72, p. 3].

On October 25, 2024, Plaintiff filed an Objection [Doc. 78] to Judge Weigle's Order. In that Objection, Plaintiff argues that Judge Weigle improperly asserted the work-product doctrine on Defendant's behalf, and that his 1989 thru 1991 medical records are relevant to his claims. *See generally* [Doc. 78].

## DISCUSSION

Since Judge Weigle clearly acted within his statutorily granted authority in deciding a nondispositive motion, Plaintiff properly filed his Objection under Federal Rule of Civil Procedure 72(a). *See* 28 U.S.C. 636(b)(1)(A). That means the Court may only disturb Judge Weigle's ruling when it is "shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

"Clear error is a highly deferential standard of review." *Holton v. City Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted); *see also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district [judge] can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").

Upon review of the Order and Plaintiff's Objection, the Court finds no clear error in Judge Weigle's decision. Contrary to Plaintiff's contentions, any emails regarding the grievances are not relevant (regardless of whether they are covered by the work-product doctrine). And, since this action involves the living conditions of Dooly State Prison in 2019, Plaintiff's 1989-1991 medical records are also irrelevant. Further, Plaintiff's arguments regarding his need for the medical records revolve around the Grievance Coordinator's response to Grievance No. 318920. [Doc. 78, p. 7]. As Judge Weigle pointed out, Defendant's pre-answer Motion to Dismiss [Doc. 12] based on administrative exhaustion ended in Plaintiff's favor. *See* [Doc. 49]. Therefore, Plaintiff's arguments regarding his medical records applicability to any grievance investigation or rejection is irrelevant now. In sum, the Court discerns no clear error in Judge Weigle's Order. Accordingly, the Court **OVERRULES** Plaintiff's Objections [Doc. 78] to Judge Weigle's Order [Doc. 72].

Judge Weigle instructed Plaintiff to respond to Defendant's Motion for Summary Judgment [Doc. 70] on or before October 28, 2024. [Doc. 72, p. 3]. Since that deadline passed during the pendency of this Objection, **the Court extends Plaintiff's response deadline to November 12, 2024**.

**SO ORDERED**, this 29th day of October, 2024.

                                          S/ Tilman E. Self, III
                                          **TILMAN E. SELF, III, JUDGE**
                                          **UNITED STATES DISTRICT COURT**